## SUPREME COURT.

SHELDON GOODWIN, executor, &c., under the will of DAVID LEAVITT, deceased, agt. ELIZABETH L. HOWE and others.

*Will — construction of — Duty of trustees holding funds for investment for the benefit of minor children.*

Where, in a will, the testator directs his estate to be divided into a certain number of shares, and that one of said shares shall be held in trust to keep the same invested and to receive the rents, income and profits thereof, and pay the same over to the beneficiary named as they accrue and are collected, and the property devised by the testator is not invested in securities recognized by the rules of law applicable to investments by trustees, the trustee must sell and reinvest in accordance with such rule.

*Special Term, August*, 1881.

*George C. Kobbe*, for plaintiff.

*Whittock & Simonds*, for guardian *ad litem*.

*Lindley & Lindley*, for adult defendants.

LAWRENCE, *J.* — This action is brought for the purpose of obtaining a construction of the sixth clause of the will of the late David Leavitt, and of the first and second codicil to said will.

By the original provision of the will the testator directed, among other things, a division of his residuary estate into five parts, one of which parts he gave to his executors in trust to divide the same into four shares. In relation to one of said shares the will provides as follows: "Also upon trust to set apart and hold one other of said four parts or shares for the benefit of Frank K. Leavitt, son of my son Sheldon Leavitt, lately deceased, for and during his natural life, but not exceeding ten years from the date of my decease, in trust, to keep the same invested and to receive the rents, income and profits thereof and pay the same over to the said Frank K. Leavitt as they accrue and are collected, after deducting all necessary expenses and charges. If the said Frank K. Leavitt should live more than ten years after my decease, then at the expiration of said ten years, I direct that said trust be terminated, and the principal shall belong absolutely to said Frank K. Leavitt, and be delivered and conveyed to him by said trustees for his own use forever."

By a codicil to the will, dated the 11th day of April, 1878, the testator revoked the provisions of his will as to one of the four shares of said one-fifth part of his residuary estate, given by his will to one Josephine D. Crane, and directed his executors to divide said one-fifth part into three shares and not four. One of the said three shares of said one-fifth part was given by said codicil to said Frank K. Leavitt. Then by a second codicil to said will, dated November 24, 1879, the testator provided that the trust created for Frank

K. Leavitt by the will should continue during his life, and that at his death the principal of said share should be distributed among his widow and next of kin, according to the laws of the state of New York, as if he had died possessed of said share.

Frank K. Leavitt has one child, Frank Sheldon Leavitt, an infant, who is one of the defendants in this case.

Since the case of *King* agt. *Talbot* (*reported in* 40 *N. Y. R.*, 76), there is no room for doubting that a trustee holding funds for investment for the benefit of minor children must invest in government or real estate securities, and that any other investment would be a breach of duty, and the trustee personally liable for such breach.

It is true that there are cases in this state in which it has been held that executors are not liable for the mere neglect to change the investment made by the testator of funds bequeathed by his will. But in this case I am called upon to decide affirmatively that in consequence of the fact that the testator had invested certain portions of his personal property in different kinds of securities, and of certain expressions in his will contained, he has devolved upon the executor and trustee the right to retain the investment thus made without incurring the liability or obligation which he would otherwise have incurred if he had made such investment on his own personal responsibility. Without undertaking to go over the cases which have discussed this subject, I deem it sufficient to say that I can find nothing in the will which justifies me in advising the trustee that it is competent for him to depart from the rule laid down in the case of *King* agt. *Talbott*, and even although an adherence to that rule may result in a diminution of income to the present beneficiaries under the clause in the will in question, I would not be warranted in disregarding the rule, the rights of an infant being concerned. It seems to me, therefore, that I cannot grant the relief which is asked for by the plaintiff, and the complaint must be dismissed, with costs.